MEYER and others *vs.* THE CITY OF LOUISVILLE.

The court, at general term, on reversing a judgment rendered on the verdict of a jury, or on the trial by the court or a referee, cannot render a judgment in favor of the appellant. It should order a new trial.

MOTION to correct a judgment entered at a general term.

INGRAHAM, J. Upon the trial of this cause before a single justice without a jury, the court rendered judgment for the defendants. The plaintiffs appealed to the general term, and the court reversed the judgment appealed from and rendered judgment for the plaintiffs. A motion is now made to correct the judgment so rendered, and to order a new trial, instead of judgment for the plaintiffs. This involves the question whether the general term can, in reviewing a judgment rendered on a verdict of a jury or on a trial by the court or referee, render a judgment in favor of the appellant.

In *Astor* v. *L'Amoreux*, (4 *Sandf.* 524,) the superior court in general term reversed a judgment rendered upon the verdict of a jury, and ordered judgment for the appellant. In that case Justice Duer says, " We can perceive no reason for subjecting the parties to a new trial which we know must re-

VOL. XXVI. 77

sult in the same judgment that we are now ready to pronounce." On appeal to the court of appeals, (4 *Selden*, 107,) it was held that " the superior court erred in reversing the judgment and ordering a final judgment for the defendant. It should have ordered a new trial, which was all it was authorized to do,"

In *Marquet* v. *Marquet*, (2 *Kernan*, 340,) the general term of the supreme court, instead of ordering a new trial, reversed the judgment given at special term and ordered judgment for the defendant, of dismissal of the complaint. The court there say, " when the facts are ascertained by a special verdict, or any other form of finding allowed by the law, the question which party is entitled to judgment arises upon appeal and a judgment disposing of the whole case may be given at the general term. But when the case is brought for review to the general term upon an allegation of error on the trial, in the process of ascertaining the facts, the only judgment which can properly be given for the appellant is one ordering a new trial. (*See also Cobb* v. *Cornish*, 15 *How. Pr. Rep.* 409.)

There is one other case where the court of appeals has ordered judgment for the appellant, which was the fact in the case last cited, viz. where the judgment of the special term was reversed by the general term. On an appeal from that decision the court of appeals held that they could reverse the judgment of the general term and affirm the judgment of the special term,

The order made at general term must be amended so as to direct a new trial; costs to abide the event.

[NEW YORK SPECIAL TERM, March 1, 1858. *Ingraham*, Justice.]